THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR RECENT REQUEST FOR AN OPINION ADDRESSING WHETHER THE COMPUTATION OF THE MILL LEVY MANDATED BY 19 O.S. 177.2 (1991) IS AFFECTED BY THE RESERVE FOR DELINQUENT TAXES ESTABLISHED BY 68 O.S. 3017 (1991). BECAUSE YOUR QUESTION MAY BE ANSWERED BY REVIEWING THESE STATUTES AND APPLYING BASIC RULES OF STATUTORY CONSTRUCTION, THIS OFFICE HAS DETERMINED THAT YOUR INQUIRY SHOULD BE ADDRESSED THROUGH THIS INFORMAL LETTER.
BY WAY OF GENERAL BACKGROUND, I NOTE THAT ARTICLE X , SECTION 9 OF THE OKLAHOMA CONSTITUTION PERMITS COUNTY EXCISE BOARDS TO LEVY AD VALOREM TAXES OF UP TO FIFTEEN (15) MILLS FOR APPORTIONMENT TO COUNTIES, CITIES, TOWNS AND SCHOOL DISTRICTS. OF THIS AMOUNT, 62 O.S. 331 (FIRST) REQUIRES THAT ONE-TENTH (1/10) MILL BE APPORTIONED TO COUNTIES FOR CONDUCTING MANDATORY COUNTY AUDITS. CONSEQUENTLY, 62 O.S. 331 (FIRST) OPERATES AS A FORCED LEVY AND APPORTIONMENT OF THE ONE-TENTH (1/10) MILL.
 19 O.S. 177.2 OF TITLE 19 OF THE OKLAHOMA STATUTES CONCERNS THE USE OF THE ONE-TENTH (1/10) MILL LEVY. THE STATUTE PROVIDES THAT THE NET PROCEEDS OF THE LEVY "MANDATORILY REQUIRED TO BE APPROPRIATED AND DEDICATED TO COUNTY AUDIT . . . SHALL HENCEFORTH BE RESTRICTED TO AND USED ONLY FOR AUDIT SURVEY AND REPORTING RECEIPT, DISBURSEMENT AND MANAGEMENT OF COUNTY AFFAIRS FINANCED BY COUNTY AD VALOREM LEVY AND MISCELLANEOUS REVENUES OTHER THAN AD VALOREM TAXATION." 19 O.S. 177.2 (1991). THE STATUTE FURTHER PROVIDES THAT AFTER THE COMPLETION OF THE AUDIT ANY REMAINING MONIES MAY, IN CERTAIN CIRCUMSTANCES, BE RETURNED TO THE GENERAL FUND OF THE COUNTY. ID. THE STATED PURPOSE OF THE LAW IS TO STRENGTHEN THE SYSTEM OF CHECKS AND BALANCES ON THE RECEIPT AND DISBURSEMENT OF COUNTY FUNDS BY IMPROVING THE ADEQUACY AND SUFFICIENCY OF THE ANNUAL AUDIT PERFORMED BY THE STATE AUDITOR AND INSPECTOR. 19 O.S. 177.1 (1991).
TURNING TO THE PROVISIONS OF 68 O.S. 3017, I NOTE THAT THIS STATUTE CONCERNS THE MANNER IN WHICH COUNTY EXCISE BOARDS ARE TO COMPUTE THE APPROPRIATE LEVY FOR VARIOUS FUNDS. THE SPECIFIC PORTION OF 68 O.S. 3017 REFERENCED BY YOUR INQUIRY PROVIDES THAT COUNTY EXCISE BOARDS SHALL:
 "ADD TO THE REMAINDER A RESERVE FOR DELINQUENT TAXES, THE AMOUNT OF WHICH RESERVE SHALL BE DETERMINED BY THE EXCISE BOARD . . . AFTER TAKING INTO CONSIDERATION THE AMOUNT OF UNCOLLECTED TAXES FOR THE PREVIOUS YEAR OR YEARS; PROVIDED THAT THE RESERVE SO ADDED SHALL NOT EXCEED TWENTY PERCENT (20%) OR BE LESS THAN FIVE PERCENT (5%); AND PROVIDED, FURTHER, THAT THE RESERVE SO ADDED SHALL NOT BE SUBJECT TO REVIEW."
THUS, 68 O.S. 3017 (FOURTH) ESSENTIALLY REQUIRES COUNTY EXCISE BOARDS TO ESTABLISH A RESERVE FUND TO PROTECT AGAINST BUDGET SHORTFALLS DUE TO UNCOLLECTED TAXES.
AS IS APPARENT FROM THE FOREGOING REVIEW OF THE TWO STATUTES, 19 O.S. 177.2 AND 68 O.S. 3017 ARE FACIALLY UNRELATED. THE FIRST CONCERNS THE USE OF MONIES THAT A COUNTY EXCISE BOARD IS OBLIGATED TO APPORTION FOR COUNTY AUDIT PURPOSES; THE SECOND DEALS WITH THE METHOD BY WHICH A BOARD IS TO ALLOCATE ITS REMAINING RESOURCES TO FUND A RESERVE FOR UNCOLLECTED TAXES. THE FIRST PRECLUDES AN EXCISE BOARD FROM EXERCISING DISCRETION WITH RESPECT TO THE FORCED APPORTIONMENT OF THE ONE-TENTH (1/10) MILL; THE SECOND SIMPLY PROVIDES DIRECTION TO A BOARD'S DISCRETION WITH RESPECT TO THE REMAINING FUNDS. IN SUM, THE TWO STATUTES ARE WHOLLY UNRELATED.
IN RESPONSE TO YOUR QUESTION OF WHETHER THE FUNDING OF A RESERVE FOR DELINQUENT TAXES AFFECTS THE COMPUTATION OF THE MILL LEVY MANDATED BY 19 O.S. 177.2 , IT IS APPROPRIATE TO RECALL THAT THE PRIMARY GOAL OF STATUTORY CONSTRUCTION IS TO DETERMINE AND GIVE EFFECT TO THE INTENT OF THE LEGISLATURE BY CONSIDERATION OF THE STATUTORY LANGUAGE. SEE, E.Q., GRAND RIVER DAM AUTHORITY V. STATE, 645 P.2D 1011 (OKLA. 1982). AND WHERE THE INTENT OF THE LEGISLATURE IS PLAINLY EXPRESSED IN THE STATUTE, THERE IS NO ROOM FOR CONSTRUCTION OR PROVISION FOR FURTHER INQUIRY. HUGHES DRILLING CO. V. MORGAN, 648 P.2D 32 (OKLA. 1982).
HERE, THERE IS NO QUESTION THAT BY ENACTING 19 O.S. 177.2 THE LEGISLATURE INTENDED TO ASSIST THE ADMINISTRATION OF COUNTY AUDITS BY THE STATE AUDITOR AND INSPECTOR. LIKEWISE, THERE IS NO QUESTION THAT IN ENACTING 68 O.S. 3017 THE LEGISLATURE INTENDED TO PROTECT COUNTIES AGAINST SHORTFALLS BY REQUIRING A RESERVE FOR UNCOLLECTED TAXES. EXAMINATION OF THESE TWO STATUTES REVEALS THAT THERE IS NO LANGUAGE INDICATING THE LEGISLATURE INTENDED THE COMPUTATION OF THE MILL LEVY MANDATED BY 177.2 TO BE AFFECTED BY THE RESERVE FOR DELINQUENT TAXES ESTABLISHED BY 3017. AND BECAUSE THE INTENT OF THE LEGISLATURE IS PLAINLY EXPRESSED IN THESE STATUTES, THERE IS NO OCCASION FOR FURTHER INQUIRY.
ACCORDINGLY, COUNTY EXCISE BOARDS ARE OBLIGATED TO MAKE THE ONE-TENTH (1/10) MILL LEVY AND APPORTION THE PROCEEDS THEREOF FOR COUNTY AUDIT PURPOSES IN ACCORDANCE WITH 19 O.S. 177.2, REGARDLESS OF ANY ACTION A BOARD MAY TAKE TO ESTABLISH A RESERVE FUND PURSUANT TO 68 O.S. 3017.
(K. W. JOHNSTON)